JOSEPH COREVO *v.* ELBRIDGE HOLMAN AND GEORGE TRASK.

October Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed January 16, 1909.

*Water and Water Courses—Rights and Appurtenances—Water Carried in Pails—Instruction.*

A prescriptive right to take water from a spring on another's land for the necessary use and benefit of the taker's premises may be acquired by uninterruptedly, under a claim of right, and for the requisite period, taking water for that purpose in pails from a roadside watering trough supplied by such spring; and that right will pass as an appurtenance in a deed conveying the property with which it is thus connected.

A charge that water running in a house or other buildings may be an appurtenance, and that water running in premises so situated and in such circumstances that it belongs there, belongs to the building or premises conveyed, passes with the building or premises in the deed, under the head of appurtenances, but must be so used in connection with the building or premises, and in such circumstances, that it constitutes a part of such property so conveyed, for the purpose for which it is used, is erroneous, as calculated to induce the jury to believe that to be an appurtenance passing under a deed the water must have been running into the building or on the premises conveyed in such circumstances as to belong to them, and must have been used in connection with them so as to constitute a part of the property, thereby excluding the idea that the right to take water from the spring in question could be an appurtenance if the water was carried in pails to the buildings and premises from a roadside watering trough supplied by such spring.

TRESPASS *quaere clausum.* Plea, the general issue. Trial by jury at the June Term, 1908, Orange County, *Waterman,* J., presiding. Verdict, as to defendant Trask, guilty, and judgment thereon. That defendant excepted. The opinion states the case.

*Cowles & Moulton,* and *David S. Conant* for the defendant.

The charge of the court on the subject of appurtenances is framed on the theory that the subject-matter of an appurtenance must be actually connected with the premises. That is error. *Missouri Pac. R. Co.* v. *Moffitt,* 96 Mo. 56; *Thomas* v. *Owen,* 20 Q. B. D. 225; Coke on Littleton, 121-b; 2 Blackstone Com. 32-36; *Countess of Arundel* v. *Steere,* Cro. Jac. 25; *Sir Henry Nevil's Case,* Plowden 377, 381; 3 Salk. 40; Comyns Dig., tit. Grant E-9; *Vermont Central R. R. Co.* v. *Hills,* 23 Vt. 681, 684; *Swanzey* v. *Brooks,* 34 Vt. 451; *Perrin* v. *Garfield,* 37 Vt. 304. In a deed of premises and appurtenances everything in use in connection with the premises granted and reasonably necessary to their enjoyment passes. *U. S.* v. *Appleton,* 1 Sumner 492; *Coolidge* v. *Hagar,* 43 Vt. 9; *Goodall* v. *Godfrey,* 53 Vt. 219; *Harwood* v. *Benton & Jones,* 32 Vt. 724; *Staples* v. *Hayden,* 6 Mod. 1; *Clark* v. *Cogge,* Cro. Jac. 170; *Pomfret* v. *Ricroft,* 1 Saund. 321.

*N. L. Boyden,* and *R. M. Harvey* for the plaintiff.

WATSON, J. This action was brought to recover for the alleged trespass of defendants in laying a pipe into a certain spring, claimed by the plaintiff, which was situated on land adjoining that of defendant, but belonging to a third person. As to defendant Trask the verdict was guilty, and on his exceptions the case is here. The plaintiff produced a deed from one Sault and wife to him, conveying the farm on which he resided and containing the clause: "With the right to a spring on the J. Seymour place, meaning the spring where water is now taken." It was conceded by both sides that this is the spring here in question.

Defendant introduced evidence tending to show that for upwards of sixty years the occupants of the premises owned by his father, under whose authority he acted when he did the acts complained of, had taken all their water for household purposes from a watering-trough on the road side, situated eight or ten rods from the house. This watering-trough was supplied with water from the spring in question by means of "pump logs." The deed of the house and land to the defendant's father included the appurtenances. This conveyance was before the deed

from Sault to the plaintiff. Evidence was introduced by both parties in respect to which party repaired the spring, pipeline, and trough. But defendant's evidence tended to show that his father had used the water ever since he purchased the premises, and so under a claim of right; and that the defendant had kept the spring in repair, replaced the logs by a pipe and, in 1906, laid a pipe from the trough to his house.

A prescriptive right to take water from this spring for the necessary use and benefit of the defendant's house and premises could be acquired by taking water from the watering-trough for that purpose in pails uninterruptedly under a claim of right for the requisite period, as well as by taking water therefrom by pipe running to the house and premises,—the only difference being in the method of conveying the water from the watering-trough,—or by both taken together in succession, and pass as an appurtenance in a deed conveying the property with which it is thus connected. The plaintiff does not controvert this proposition in argument, but on the contrary says there is nothing in the charge indicating that an appurtenance must be connected with the house or buildings; that there was no claim on the part of defendant Trask that at the time he took his deed water from this spring was running to his house or land, but only that he had a right to go to the spring to get water or to the watering-trough on a third person's land; and that the charge of the court rightly understood means that the right to go to the spring or trough for water may be an appurtenance. The charge in this respect to which exception was taken was as follows: "Water running in a house or other building may be an appurtenance; running water in premises so situated and under such circumstances that it belongs there, belongs to the building or premises conveyed, passes with the building or premises in the deed, under the head of appurtenances, but it must be so used in connection with the buildings or premises, and under such circumstances that it constitutes a part of such property so conveyed, for the purpose for which it is used, that it belongs there, is appurtenant thereto." Then continuing the charge, the court said: "The water was not in fact running in the old logs when these deeds were made, according to the situation as I remember it. When it did run it did not run across or upon the land conveyed which was the Trask place and was in no way directly connected with the premises. Take the tes-

timony in view of what I have said and say whether the water or line of logs or the spring, or any right therein, was appurtenant to the premises conveyed. If it was not then it did not pass as an appurtenant to those deeds.''

We think that portion of the charge excepted to was well calculated to mislead the jury into believing that in order to be an appurtenance passing under the deeds the water must have been running in the buildings or on the premises in such circumstances as to belong to the building or premises deeded, and must have been used in connection with them so as to constitute a part of the property, thereby excluding the idea that the right to take water from the spring could be an appurtenance if the water was carried from the watering-trough to defendant's buildings and premises in pails, and the tendency of what the court said to the jury immediately thereafter was to strengthen such belief. This was error.

It is unnecessary to consider the other exceptions argued, as they are not likely to arise on another trial.

*Judgment reversed and cause remanded.*